IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY HEARN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 83-794-SLR |
| | ) |
| WALTER REDMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ℘ᵗʰ day of August, 2009, having considered the motion for

contempt of court order;

IT IS ORDERED that the motion is denied and the case is closed for the reasons

that follow:

1. **Background**. Movant James Arthur Biggins ("Biggins"), an inmate at the

James T. Vaughn Correctional Center ("VCC"),[1] Smyrna, Delaware, who appears pro se,

filed this motion for contempt of court order on June 11, 2009. (D.I. 56) The motion

asserts that defendants are not complying with the terms of a consent decree approved

and ordered on December 31, 1985. (*See* D.I. 54)

2. **Discussion**. The parties entered into a consent decree following a

constitutional challenge to the legal services provided to inmates housed at DCC in the

maximum security unit ("MSU").[2] The consent decree established a legal access plan

---

[1]Formerly known as the Delaware Correctional Center ("DCC").

[2]The unit is now known as the Security Housing Unit ("SHU"). It is the maximum
security unit. *Wyant v. Correctional Med. Services*, Civ. No. 02-1346 GMS, 2005 WL
2864787 n.6 (D. Del. Nov. 1, 2005).

designed expressly to satisfy constitutional requirements. *Abdul-Akbar v. Watson*, 4 F.3d 195, 204 (3d Cir. 1993). Biggins contends that defendants are not complying with the terms of the consent decree. To support his claim he attaches an affidavit of Brian Engram submitted in an unrelated case as well as letters, library request forms, grievances, and memos. (D.I. 56, exs.) Biggins also contends that he has been charged photocopy fees, legal postage, and fees in violation of Delaware statutes and/or the United States Constitution. For relief, Biggins seeks issuance of a show cause order, compensation for photocopying services and legal postage, punitive damages, enforcement of the consent decree, and postage services to all Delaware prisoners as required under Delaware's "cost free" interagency mailing system.

3. **Standing**. Biggins was not incarcerated at the time this lawsuit commenced in 1983 or on the date of entry of the consent order, December 31, 1985, having been convicted and sentenced in 1997 to a thirty-year term of incarceration. *Biggins v. State*, 970 A.2d 256, 2009 WL 924506 (Del. 2009) (table decision). As an incarcerated individual Biggins is an intended beneficiary of the consent order, but he was not a party to the lawsuit or consent order. Further, the consent order did not contemplate the action taken by Biggins. *See Antonelli v. New Jersey*, 419 F.3d 267, 273 (3d Cir. 2005); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750(1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it."); *Cicirello v. New York Tel. Co.*, 123 F.R.D. 523, 526 (E.D. Pa.1989) (indicating that it is necessary to look to the consent decree itself to see whether it contemplates enforcement by non-parties). Therefore, Biggins' motion will be dismissed for lack of standing.

-2-

4. **Contempt**. Even if Biggins had standing to file the motion, he is not entitled to relief. Biggins must prove three elements to establish that defendants are liable for civil contempt: (1) a valid order of the court exists; (2) defendants have knowledge of the order; and (3) defendants disobeyed the order. *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995). These "elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt." *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (citations and quotations omitted).

5. Initially, the court notes that there is no serious dispute defendants had knowledge of the order. It appears, however, that the consent decree has been superseded. The consent decree at issue was approved and ordered on December 31, 1985. (D.I. 54) Following entry of the consent decree there was a challenge to the constitutional adequacy of legal services provided to inmates in MSU. *Abdul-Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993). During the course of the *Abdul-Akbar* litigation, prison officials submitted a new legal access plan for the district court's approval. *Id.* at 201. The new plan expanded the terms of the 1985 consent decree and was approved by the district court on September 16, 1992. *Id.* at 201, 207. On appeal, the appellate court declined to uphold the constitutional claims, and instead held that defendants were entitled to qualified immunity. *Id.* at 205.

6. Inasmuch as it appears that the 1985 consent decree has been superseded, the third element (i.e., disobeying an order) is moot. Even if the consent decree were valid, a review of the exhibits submitted by Biggins fails to support a finding by clear and convincing evidence that defendants disobeyed the consent decree.

7. **Res Judicata**. Biggins' motion is also barred by res judicata.[3] Biggins filed a similar case in the Superior Court in and for New Castle County, Delaware, seeking injunctive relief to enforce two prior inmate lawsuits wherein settlement agreements had been reached. *Biggins v. Minner*, 959 A.2d 27, 2008 WL 4233311 (Del. 2008) (table decision). The consent decree at issue is one of the settlement agreements Biggins sought to enforce.

8. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, –U.S.–, 128 S.Ct. 2161, 2171 (2008); *see Nevada v. United States*, 463 U.S. 110, 130, (1983) ("res judicata provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy . . . , not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose'") (quotation omitted). Claim preclusion describes the rules formerly known as "merger" and "bar," while issue preclusion encompasses the doctrines once known as "collateral estoppel" and "direct estoppel." *Id.* at n.5 (citing *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77, n.1 (1984)). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* at 2171 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Issue preclusion "bars

---

[3]This court may dismiss, *sua sponte*, claims barred by res judicata. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. 2003) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of res judicata).

'successive litigation of an issue of fact or law actually litigated and resolved in a valid

court determination essential to the prior judgment,' even if the issue recurs in the

context of a different claim." *Id.* (citations omitted). By "preclud[ing] parties from

contesting matters that they have had a full and fair opportunity to litigate," these two

doctrines protect against "the expense and vexation attending multiple lawsuits,

conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the

possibility of inconsistent decisions." *Id.* at 2171 (quoting *Montana v. United States*, 440

U.S. 147, 153-154 (1979)). It is apparent from a comparison of the parties and the

issues that the application of res judicata is appropriate. Some of Biggins' issues are

identical to those he raised in the State court case, while others could have been raised

in his previous action. Accordingly, the motion is barred under the doctrine of res

judicata.

9. **Three Strikes**. It appears that Biggins filed his motion for contempt in an

effort to obtain relief for claims he could have, and should have, raised pursuant to 42

U.S.C. § 1983. Biggins previously employed a similar method seeking relief without the

payment of a filing fee in *North Emerson-West v. Redman,* Civ. No. 78-014-SLR.

Biggins is a frequent filer. Because three or more times in the past and while

incarcerated, he has filed a civil action or appeal in federal court that was dismissed as

frivolous, malicious, or for failure to state a claim upon which relief may be granted, he

cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis.[4]

---

[4]Biggins' civil actions that were dismissed as frivolous, malicious or for failure to
state a claim upon which relief may be granted are as follows: *Biggins v. Campbell,* Civ.
Action No. 99-872-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action No. 01-
095-GMS (D. Del. May 2, 2001); *Biggins v. Snyder*, Civ. Action No. 99-112-GMS (D.

28 U.S.C. § 1915(g).  Biggins is quite aware of his "three strikes" status and is creative in his efforts to file matters before this court without paying the filing fee.  Biggins is placed on notice that, in the future, the court will strike pleadings and/or motions he files in closed cases as a means to circumvent § 1915(g).

    10. **Conclusion**.  For the above reasons, the court will deny Biggins motion for contempt.  (D.I. 56)

                                        UNITED STATES DISTRICT JUDGE

Del. Aug. 24, 2000); *Biggins v. Maryland Dist. Court*, Civ. Action No. 99-476 (D. Del. Mar. 4, 1999); and *Biggins v. Withers*, Civ. Action No. 98-438-LON (D. Del. Oct. 1, 1998).